IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **DINARR WHITESIDE,** | ) | |
| No. 13-00224-MJR, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | CIVIL NO. 13-cv-00224-MJR |
| | ) | |
| S.A. GODINEZ, | ) | |
| SGT. FOLSOM, | ) | |
| ALAN MARTIN, | ) | |
| C/O BUNCH, | ) | |
| C/O MCINTRUF, | ) | |
| C/O STALLING, | ) | |
| LT. HUNTER, | ) | |
| LT. GRISSOM, and | ) | |
| DAVID LEWIS, | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff Dinarr Whiteside, an inmate in Vienna Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>   (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>   (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id.* At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under Section 1915A; portions of this action are subject to summary dismissal.

### The Complaint

Plaintiff alleges that prior to April 19, 2012, he repeatedly made "complaints" to Illinois Department of Corrections Director S.A. Godinez about being retaliated against. Godinez never took any action.

On April 19, 2012, Sgt. Folsom refused Plaintiff's request to retrieve some personal property from Plaintiff's property box. Plaintiff then asked Sgt. Folsom for a grievance form. Not only did Folsom refuse to give Plaintiff the form, he then handcuffed Plaintiff—

rhetorically asking Plaintiff, "So, you want to f*** with me?"—and then physically assaulted him, slamming Plaintiff about, choking him and "busting" Plaintiff's chin. C/O McIntruf watched with his hands in the air, asking, "What's going on here?" C/O Stalling, who was apparently nearby, stepped up to wipe Plaintiff's blood from the wall and declared that he had not seen anything.

Plaintiff was placed in a segregation cell. As Plaintiff was bleeding and in need of medical attention, C/O Bunch taunted him with grievance forms. Lt. Hunter and LPN David Lewis came to the cell and examined Plaintiff, but never got Plaintiff anything for his pain.

Based on the allegations of the complaint, the Court finds it convenient to divide the *pro se* action into four counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

> **Count 1:** Against S.A. Godinez for refusing to take action on Plaintiff's repeated complaints about being subjected to retaliation;
>
> **Count 2:** Against Sgt. Folsom for using excessive force against Plaintiff as a means of retaliation for Plaintiff pursuing grievances, in violation of the Eighth and First Amendments;
>
> **Count 3:** Against C/O McIntruf and C/O Stalling for exhibiting deliberate indifference by watching Plaintiff be assaulted and doing nothing to stop the assault, in violation of the Eighth Amendment; and
>
> **Count 4:** Against Lt. Hunter, LPN David Lewis and C/O Bunch for exhibiting deliberate indifference by not getting Plaintiff obviously needed medical care for his pain and injuries, in violation of the Eighth Amendment.

**Discussion**

A generous reading of the complaint reveals that Counts 2-4 state viable constitutional claims, so those three counts shall **PROCEED**.

Count 1, however, does not state a claim upon which relief can be granted. Exactly how Plaintiff presented his "complaints" to Godinez is relevant to any constitutional analysis; therefore, this calim does not satisfy the *Twombly* pleading standard. In any event, insofar as Director Godinez's failure to take action could be viewed as a Fourteenth Amendment due process violation, such a claim fails as a matter of law.

The Constitution requires no grievance procedure at all, and the failure of state prison officials to follow their own procedures does not, of itself, violate the Constitution. *Maust v. Headley,* 959 F.2d 644, 648 (7th Cir. 1992); *Shango v. Jurich,* 681 F.2d 1091, 1100–01 (7th Cir. 1982). As such, the alleged mishandling of grievances "by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley,* 635 F.3d 950, 953 (7th Cir. 2011); *See also Grieveson v. Anderson,* 538 F.3d 763, 772 n. 3 (7th Cir. 2008); *George v. Smith,* 507 F.3d 605, 609 (7th Cir. 2007); *Antonelli v. Sheahan,* 81 F.3d 1422, 1430 (7th Cir. 1996). "Ruling against a prisoner on an administrative complaint does not cause or contribute to the [constitutional] violation." *George v. Smith,* 507 F.3d 605, 609–10 (7th Cir. 2007).

Plaintiff fairs no better if Count 1 is construed as an Eighth Amendment deliberate indifference claim stemming from some perceived failure to prevent the April 19, 2012, assault. Such a claim of supervisory liability cannot be brought in this case because "[t]he doctrine of *respondeat superior* does not apply to § 1983 actions; thus to be held individually liable, a defendant must be 'personally responsible for the deprivation of a constitutional right.'"

*Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir. 2001), *quoting Chavez v. Ill. State Police,* 251 F.3d 612, 651 (7th Cir. 2001). Personal involvement is a prerequisite for individual liability in a Section 1983 action; a defendant must have caused or participated in an alleged constitutional deprivation to incur liability. *Kuhn v. Goodlow,* 678 F.3d 552, 555–56 (7th Cir. 2012). More to the point, supervisors who are simply negligent in failing to detect and prevent subordinate misconduct are not "personally involved" so as to incur liability. Rather, "supervisors must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see. They must in other words act either knowingly or with deliberate, reckless indifference." *Morfin v. City of East Chicago,* 349 F.3d 989, 1001 (7th Cir. 2003) (quoting *Jones v. City of Chicago,* 856 F.2d 985, 992–93 (7th Cir. 1988)).

For the reasons stated, Count 1 shall be **DISMISSED**; out of an overabundance of caution, dismissal shall be without prejudice. Consequently, Defendant S.A. Godinez shall be **DISMISSED** from this action without prejudice.

Warden Alan Martin and Lt. Grissom are named in the caption of the complaint, but they are not otherwise mentioned in the complaint. Therefore, Martin and Grissom shall be **DISMISSED** from this action without prejudice.

**Pending Motions**

Plaintiff's motion for recruitment of counsel (Doc. 3) shall be **REFERRED** to United States Magistrate Judge Stephen C. Williams for further consideration.

**Disposition**

For the reasons stated, the Court rules as follows.

**IT IS HEREBY ORDERED** that **COUNT 1** fails to state a claim upon which relief may be granted, and thus is **DISMISSED** without prejudice. Defendant **S.A. GODINEZ** is **DISMISSED** from this action without prejudice.

**IT IS FURTHER ORDERED** that **ALAN MARTIN** and **LT. GRISSOM** are **DISMISSED** from this action without prejudice.

**IT IS FURTHER ORDERED** that the only claims remaining in this action are **COUNTS 2-4** against Defendants **SGT. FOLSOM**, **C/O MCINTRUF**, **C/O STALLING**, **LT. HUNTER**, **DAVID LEWIS** and **C/O BUNCH**. This case shall now be captioned as: **DINARR WHITESIDE, Plaintiff, vs. SGT. FOLSOM, C/O MCINTRUF, C/O STALLING, LT. HUNTER, DAVID LEWIS and C/O BUNCH, Defendants.**

The Clerk of Court shall prepare for Defendants **SGT. FOLSOM**, **C/O MCINTRUF**, **C/O STALLING**, **LT. HUNTER**, **DAVID LEWIS** and **C/O BUNCH**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used

only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Stephen C. Williams for further pre-trial proceedings, which shall include a determination on the pending motion for appointment of counsel (Doc. 3). Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Stephen C. Williams for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or

give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff.  Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  April 1, 2013**

s/ *Michael J. Reagan*
**MICHAEL J. REAGAN**
**UNITED STATES DISTRICT JUDGE**